Henderson v. Franklin Federal Bancorp 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-88-193-CV





ROY J. HENDERSON AND REGINA J. HENDERSON,



 APPELLANTS


vs.





FRANKLIN FEDERAL BANCORP,


 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 406,100, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 




 This cause was removed to the United States District Court for the Western District
of Texas on October 28, 1988. Henderson v. Federal Sav. & Loan Ins. Corp., No.
A-88-CA-946. The federal court remanded the cause to this Court on December 14, 1990. This
Court subsequently directed the district court of Travis County to conduct a hearing and determine
what individual owns the asset or liability at issue. The district court on September 27, 1993,
determined that appellee Franklin Federal Bancorp, the only party remaining in the lawsuit
adverse to appellants Roy J. Henderson and Regina J. Henderson, does not own the asset or
liability.

 The Hendersons have not contested the state district court's determination that
Franklin Federal does not own the asset or liability. Rather, the Hendersons have tendered a
motion to remand the cause to the state district court so that court can (1) determine who owns
the asset or liability at issue and (2) name the owner as the defendant in this lawsuit.

 This Court has no authority to remand the cause and allow the addition of new
parties and the continuation of this lawsuit against those parties. There have already been two
final judgments in this cause--the judgment signed July 8, 1988, by the state district court and the
judgment entered December 14, 1990, by the clerk of the federal district court. These two
judgments have reduced the parties adverse to the Hendersons to Franklin Federal, and the state
district court has determined that Franklin Federal does not own the asset or liability. If the
Federal Deposit Insurance Corporation owns the asset or liability, then the Hendersons have no
recourse in this Court because the federal district court dismissed the FDIC. If the FDIC
transferred the asset or liability to someone other than Franklin Federal, then the Hendersons
failed to bring that party into the federal-court suit before remand. The Hendersons' motion to
remand is overruled.

 As an appellate court, we are constrained to review the judgment of the state trial
court as modified in this cause by the federal district court. This appeal no longer contains a
dispute between the parties to the appeal, and, therefore, the appeal is moot.

 The appeal is dismissed as moot.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed as Moot

Filed: November 10, 1993

Do Not Publish